**Jessica COCKERHAM, Plaintiff–Appellant,**

v.

**SOUND FORD INC.; et al., Defendants–Appellees.**

No. 08–35567.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2009.*

Filed June 16, 2009.

Mary Ruth Mann, Mann & Kytle, PLLC, Seattle, WA, for Plaintiff–Appellant.

Jeffrey B. Youmans, Kathryn S. Rosen, Esquire, Davis Wright Tremaine, LLP, Seattle, WA, Medora A. Marisseau, Karr Tuttle Campbell, Seattle, WA, for Defendants–Appellees.

Before: CANBY, THOMPSON and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jessica Cockerham, a former employee of Sound Ford, Inc. ("Sound Ford"), sued Sound Ford and several of its employees for allegedly committing multiple torts related to her employment. Sound Ford sought to compel arbitration, pursuant to a signed agreement between it and Cockerham (the "Arbitration Agreement"). Cockerham asked the district court to void the Arbitration Agreement for unconscionability. The district court failed to find the Arbitration Agreement unconscionable and granted Sound Ford's motion to compel arbitration. Cockerham participated in the arbitration process, but an award was given to Sound Ford (the "Arbitration Award"). Upon returning to district court, Cockerham argued that (1) the court should vacate the Arbitration Award, and (2) the district court should never have adjudicated the unconscionability issue. The district court rejected Cockerham's arguments, and confirmed the Arbitration Award. Cockerham now challenges the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's actions. We review the district court's confirmation de novo, *Comedy Club, Inc. v. Improv West Associates,* 553 F.3d 1277, 1284 (9th Cir.2009), and we affirm the district court.

### 1. The district court properly considered and ruled on the threshold issue of whether the Arbitration Agreement was unconscionable.

When Sound Ford filed its motion to compel arbitration in response to Cockerham's lawsuit, Cockerham asked the district court to "[d]eclare the [Arbitration Agreement] void, unenforceable, and/or against public policy." She did not question the court's authority to make a decision under Section 7 of the Arbitration Agreement. When Cockerham appeared before the district court after arbitration, however, she argued for the first time that the Arbitration Agreement itself prevented the district court from determining whether the Arbitration Agreement was unconscionable. The district court rejected her argument and we review the district court de novo. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719 (9th Cir. 1999).

■ We conclude that, by asking the district court to determine whether the Arbitration Agreement was enforceable, Cockerham waived her right to arbitrate that issue. *Hoffman Const. Co. of Oregon v. Active Erectors and Installers, Inc.,* 969 F.2d 796, 798 (9th Cir.1992) (A party waives a right to arbitration when (1) she has knowledge of an existing right to compel arbitration, (2) she acts inconsistent with that right, resulting in (3) prejudice to the opposing party.). Accordingly, we affirm the district court.

### 2. The district properly held that Cockerham failed to carry her burden of proving the Arbitration Agreement was unconscionable.

Cockerham alternatively argues that the district court erred in conducting its "conscionability" analysis. We review de novo the district court's decision to grant a motion to compel arbitration. *See Circuit City Stores, Inc. v. Adams ("Circuit City II"),* 279 F.3d 889, 892 n. 2 (9th Cir.2002), and affirm the district court.

Washington law recognizes two categories of unconscionability: substantive and procedural. *Zuver v. Airtouch Communications, Inc.,* 153 Wash.2d 293, 103 P.3d 753, 759 (2004) (internal citations omitted). "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Id.* (internal citations omitted). Procedural unconscionability is "the lack of meaningful choice, considering all the circumstances surrounding the transaction including '[t]he manner in which the contract was entered,' whether each party had 'a reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print.'" *Id.* (internal citations omitted). Cockerham did not adduce sufficient evidence to show either category of unconscionability. Accordingly, we affirm the district court.

### 3. The district court did not err in holding that Cockerham failed to carry her burden of proving that the Arbitration Award should be vacated.

Cockerham argues that, even if the Arbitration Agreement was validly formed, the Arbitration Award should be vacated, because the Arbitrator manifestly disregarded the law. We review de novo the district court's denial of Cockerham's mo-

tion to vacate the arbitration award. *Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 879 (9th Cir.2007). Our review of the arbitration award is limited by the Federal Arbitration Act ("FAA"), which "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Kyocera Corp. v. Prudential–Bache Trade Services, Inc.,* 341 F.3d 987, 994 (9th Cir.2003). Under § 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assoc. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 1402, 170 L.Ed.2d 254 (2008) (citation omitted). Section 10(a)(4) of the FAA provides that a court may vacate an award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators exceed their powers when the award is "completely irrational," or exhibits a "manifest disregard of law." *Comedy Club,* 553 F.3d at 1290 (citing *Kyocera,* 341 F.3d at 997).

To vacate an award under the "manifest disregard of the law" doctrine, we would be required to conclude that the Arbitrator made an error that amounts to "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.,* 293 F.2d 796, 801 (9th Cir.1961). "[F]or an arbitrator's award to be in manifest disregard of the law, '[i]t must be clear from the record that the arbitrator [ ] recognized the applicable law and then ignored it.'" *Comedy Club,* 553 F.3d at 1290 (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995)) (alterations in *Comedy Club* ).

■ Cockerham adduced no evidence that the Arbitrator understood and correctly stated the law, then chose to disregard it and decide in Sound Ford's favor.

Instead, Cockerham argues that the Arbitrator made several errors of law, and that these errors, when aggregated with Cockerham's allegation that the Arbitrator ignored some evidence, equate to manifest disregard of the law. Cockerham, however, cannot cite any Ninth Circuit or U.S. Supreme Court authority to support her proposition. Accordingly, Cockerham has not shown manifest disregard as required by Ninth Circuit caselaw. We therefore affirm the district court's denial of her motion to vacate the Arbitration Award.

**AFFIRMED.**

